Hair, Judge.
 

 Whether the sum of g 525, belonged
 
 to James C. Jones,
 
 orto the plaintiff, was properly left to the jury. It was also submitted to them, whether it was paid for the use and benefit of the defendant by the plaintiff. If it was, they were instructed that they should find a verdict for the plaintiff. They found so accordingly. Two objections are raised upon the record? the first, to the charge of the judge; thesecoud, thatlhcverdictis general, and it cannot be ascertained, upon which of the two counts it was rendered.
 

 As to the first, it appeared in evidence, that the sheriff received from the plaintiff a bond as
 
 cash,
 
 and credited one of the executions with the amount, agreeably to the bárgain and understanding the plaintiff had with ■the defendant. It is argued, that the count for money paid to the use of the defendant, is not sustained by that evidence.- It appears to me otherwise. I think the transaction is susceptible of two views. The first is, that the sheriff voluntarily paid the money for the plaintiff, by crediting the executions; for which lie had a claim upon the plaintiff. Or it may be taken, secondly, that he purchased the bond for cash, and having the cash in his hands, as belonging to the plaintiff, paid it over lor the use of the defendant, as he was requested by the plaintiff' to do, in discharge of the executions.
 

 With respect to the second objection, nothing was said by the judge to the jury On the first count, on a breach of special contract. Their attention was called to the second count, which was for money paid to the hse of the defendant It may be fairly -inferred, and ought to be so taken, that the verdict was rendered on that count. They were directed to enquire, whether the
 
 *114
 
 vjioHcy was paid for the use and benefit of the defendant
 
 ’}
 
 if it was, they should find a verdict for the plaintiff. Í think the verdict was responsive to the charge, and that the rule for a new trial should be discharged.
 

 Per Curiam. — Jubgmüst árítrmeb..